UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

THE CORCORAN LAW GROUP, LLC;
and HUDSON CITY BANCORP, INC.                    Case No.: 09-cv-1861-WHP
d/b/a HUDSON CITY SAVINGS BANK


      Plaintiffs,

    -vs-

JANE Y. POSNER, ESQ.; POSNER,
POSNER & ASSOCIATES P.C., and
JOHN AND JANE DOES 1-10
(fictitious names, the true names being unknown)

      Defendants.
-----------------------------------------------------------------X

---

## MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR STAY BY PLAINTIFFS CORCORAN LAW GROUP, LLC, AND HUDSON CITY BANCORP, INC.

---

                                            LUM, DRASCO & POSITAN LLC
                                            103 Eisenhower Parkway
                                            Roseland, New Jersey 07068-1049
                                            (973) 403-9000
                                            Attorneys for Plaintiffs, Corcoran Law Group,
                                            LLC, and Hudson City Bancorp, Inc.

DENNIS J. DRASCO, ESQ.
  Of Counsel and On the Brief

ARTHUR M. OWENS
  On the Brief

315107_1

## **PRELIMINARY STATEMENT**

Defendants Jane Y. Posner. Esq., (individually "Posner") and Posner, Posner & Associates, P.C., (individually "the Posner Firm") (Collectively "Posner Defendants") have moved for a stay of all proceedings in this civil litigation until the criminal proceeding is resolved, on the grounds that Posner's Fifth Amendment right against self incrimination would be violated if this matter were permitted to continue. The Posner Defendants are seeking to delay the requirement that they file an Answer and contend that they should not have to provide any discovery until the criminal matter is resolved.

Plaintiffs, Corcoran Law Group, LLC, and Hudson City Bancorp, Inc., (individually "Hudson City")(collectively "Plaintiffs") respectfully submit that the entry of a stay is not warranted because: (1) Posner has not yet been indicted; (2) the Posner Defendants have failed to identify a significant prejudice caused by the pendency civil and criminal actions; and (3) policy and judicial efficiency concerns disfavor the entry of a stay. Additionally, Plaintiffs contend that the Posner Firm cannot properly refuse to answer the civil complaint or provide discovery on the basis of Posner's right against self incrimination.

In this action, Plaintiffs, as the victims of fraud or negligence, are seeking to determine what happened to the funds at issue in the litigation and seek to recover same. The Posner Defendants should not be permitted to further delay or obscure the truth under the guise of the assertion of the privilege against self incrimination. The entry of stay of all proceedings in this matter would allow the Posner Defendants to improperly use the Fifth Amendment as shield against a civil suit and would prevent Plaintiffs from expeditiously advancing its claims.

## STATEMENT OF FACTS/PROCEDURAL HISTORY

### A. Corcoran and Hudson City

Kevin T. Corcoran, Esq., ("Corcoran") represents Hudson City in connection with New York real estate transactions. Corcoran does not personally attend each closing in New York, but, with Hudson City's consent and supervision, retains "affiliated" or "representative" counsel in each region in the state of New York to actually attend the closings on behalf of Hudson City. In each instance, Corcoran prepares the loan documents and sends them, along with the loan proceeds, to the representative attorney in New York. Thereafter, the representative attorney would see to the execution of the closing documents, disburse the loan proceeds and return the documents to Corcoran. This matter arises out of one such transaction.

### B. Posner's Deficient Legal Representation

In June of 2008, after doing his due diligence, Corcoran added Jane Posner, Esq., ("Posner") to his list of potential representative attorneys. In connection with a closing on September 25, 2008, Corcoran wired $421,262.16 to Posner's attorney escrow account. Posner then issued a check drawn from her attorney trust account in the amount of $339,719.79 to pay off and satisfy the seller's mortgage loan with Washington Mutual. The title company had Posner's check delivered via Federal Express to Washington Mutual. The check was returned to the title company because Posner issued a stop payment on the check. Posner replaced the check, but a stop payment was also issued on the second check. Thereafter, on October 28, 2008, Corcoran and Posner communicated via email and Poser advised "[a]t this time there is no monies forth coming" and "I do not have any part of the payoff." (Declaration of Drasco J. Drasco, Esq., dated May 29, 2009, ¶ 2, Ex. A). Posner also conveyed a similar message directly to Hudson City. (Drasco Dec. ¶ 3, Ex. B). Thereafter, Posner provided her legal malpractice

315107_1

insurance carrier with notice of the existence of a potential claim with respect to the referenced transaction. (Drasco Dec. ¶ 4, Ex. C).

### C.   Civil Complaint

On or about February 27, 2009, Plaintiffs filed an Eight Count Complaint primarily sounding in negligence and legal malpractice, against the Posner Defendants. Specifically Plaintiffs' Complaint asserts claims for Negligence, Legal Malpractice, Breach of Contract, Breach of Fiduciary Duty, Unjust Enrichment, Conversion, Civil Conspiracy and Intentional Tort. The Complaint alleges, inter alia, that the Posner Defendants are civilly liable as a result of their deviation from accepted standards with respect to their legal representation in connection with this transaction and their failure "to diligently and competently maintain Posner's attorney trust account."

### D.   Felony Complaint

On March 2, 2009, a felony complaint was filed against Jane Y. Posner, Esq., in the Town of Patterson's Local Criminal Court. (See Declaration of Barry E. Warhit, Esq., dated May 13, 2009, ¶ 2, Ex. A). Posner was charged with the felony of Second Degree Grand Larceny. Specifically, the Complainant, Investigator Thomas W. Gonska, alleges that on or about September 25, 2008, Posner stole $339,719.79 from the attorney trust account of Corcoran. The Complaint further referenced and attached the supporting deposition of Corcoran, dated October 30, 2008.

Corcoran, as an attorney in the State of New York, was required to file an ethics complaint against Posner, and the initiation of a criminal complaint for investigation with a county district attorney was a necessary precondition to the filing of such an ethics charge. Corcoran's October 30, 2008, Supporting Deposition was issued in connection with his ethical

315107_1

duty to report Ms. Posner's reprehensible professional conduct.   Ibid.

To Plaintiffs' knowledge, Posner has not yet been indicted and Defendants' motion does not aver that an indictment has been filed.

## LEGAL ARGUMENT

### POINT I

### THE COURT SHOULD NOT STAY THE CIVIL ACTION AGAINST DEFENDANT POSNER

Here, the Posner Defendants move for a stay of "all proceedings" on the grounds that allowing this matter to proceed may endanger Posner's Fifth Amendment privilege against self-incrimination. From the outset, it must be established that it is well settled that the United States Constitution does not require a stay of civil proceedings pending the outcome of a related criminal action. Kashi v. Gratsos, 790 F.2d 1050, 1057 (2d Cir.1986); see also Nosik v. Singe, 40 F.3d 592, 595 (2d Cir.1994). Unless a party is substantially prejudiced, simultaneous parallel civil and criminal proceedings are permitted and unobjectionable. Sterling National Bank v. A-1 Hotels International, Inc., 175 F.Supp.2d 573, 576 (2001). However, a court may decide, as an exercise of its discretion, to stay civil proceedings when the interests of justice deem such an action appropriate. Ibid. The grant of a stay in such circumstances is considered "extraordinary" relief, which is not granted routinely. Id. at 578.

It must also be noted that courts acknowledge the principle that the "parties who claim to have been victimized by the frauds or other crimes are entitled to pursue and it would be perverse if plaintiffs who claim to be the victims of criminal activity were to receive slower justice than other plaintiffs because the behavior they allege is sufficiently egregious to have attracted the attention of criminal authorities." Ibid. Courts generally endeavor to prohibit such dual defendants from asserting the Fifth Amendment as a "shield" against civil liability. See Paine Webber, Jackson & Curtis, Inc., v. Malon S. Andrus, Inc., 486 F.Supp. 1118, 1119 (S.D.N.Y. 1980).

In determining whether to exercise its discretion to stay criminal proceedings in the interest of justice, a district court will make a highly fact-sensitive inquiry into the "particular circumstances and competing interests involved in the case." Sterling, supra, 175 F.Supp.2d at 578. This determination requires an initial inquiry into the extent to which the defendants' Fifth Amendment rights are implicated by the dual proceedings. Ibid. Thereafter, Courts will consider the following non-exhaustive list of factors:

> (1) the extent to which the issues in the criminal case overlap with those presented in the civil case;
> (2) the status of the case, including whether the defendant has been indicted;
> (3) the private interests of the plaintiff in proceeding expeditiously, weighed against the prejudice to plaintiff caused by the delay;
> (4) the private interests of and burden on the defendant; (5) the public interest; and (6) the interest of the Court in the efficient management of cases.
> [Hicks v. City of New York, 268 F.Supp.2d 238, 241 (E.D.N.Y. 2003); see also Keating v. Office of Thrift Supervision, 45 F.3d 322, 325 (9th Cir. 1995)].

As set forth in greater detail below, the application of these factors clearly suggests that a stay should not be entered in order to protect Defendant Posner's Fifth Amendment rights. Here, it must be emphasized that the Posner Defendants are seeking to stay all civil proceedings, without having filed an Answer. Certainly, the Posner Defendants should be required to answer the Complaint and to provide, at a minimum, document discovery to Plaintiffs. There is simply no realistic implication of the Fifth Amendment with respect to Posner's: (1) filing of an Answer: or (2) or providing document discovery to Plaintiffs. The egregiousness of Plaintiffs' conduct cannot justify further delay of the proceedings.

### A. Overlap of Issues

The first factor requires the Court to review to the extent to which the issues in the civil and criminal cases overlap. Hicks v. City of New York, 268 F.Supp.2d at 241. Here, Plaintiffs do not deny that civil and criminal allegations arise from the same nexus of conduct. However, the

315107_1

-6-

allegations contained in the civil and criminal complaints are fundamentally distinct. The felony complaint alleges that Posner unlawfully stole property worth over $50,000.00, while the civil complaint focuses on the potential negligence and deficient legal representation committed by the Posner Defendants. Despite repeated attempts, Plaintiffs remain largely unaware of what actually occurred in connection with the referenced transaction. Posner has notified her legal malpractice carrier that a potential claim may arise from this transaction. (Drasco Dec. ¶ 4, Ex. C). Plaintiffs maintain that while the factual underpinnings are largely similar, the actual issues involved in the actions of sufficiently distinct. Furthermore, there is established precedent suggesting that even where the civil and criminal charges arise from similar conduct, the entry of a stay is not warranted. See Karimona Investments, LLC v. Weinreb, supra, 2003 WL 941404 *1 (S.D.N.Y. 2003) (stay not entered where civil and criminal charges arise out of same loan transaction); Sterling, supra, 175 F.Supp.2d at 581 (civil and criminal RICO claims not stayed where they arise out of same conduct).

### B.   Status of the Case

The second factor requires the Court to examine the status of the case, including whether the defendant has been indicted. Hicks, supra, 268 F.Supp.2d at 241. An examination of this factor strongly suggest that a stay is not warranted because: (1) in the criminal proceeding, Posner has not yet been indicted by a grand jury; and (2) at this stage in the civil proceeding, Plaintiffs are presently seeking an Answer to the Complaint and document discovery, not to take the deposition of Posner.

Courts of this Circuit have essentially adopted the rule that the stay of a civil proceeding on Fifth Amendment grounds is not warranted unless the dual defendant has been indicted by a grand jury. Sterling, supra, 175 F.Supp.2d at 577. Courts will "generally grant the extraordinary

315107_1

remedy of a stay only after the defendant seeking a stay has been indicted." Citibank, N.A. v. Hakim, 1993 WL 481335 at *1 (S.D.N.Y. 1993); see also In re Par Pharmaceutical, 133 F.R.D. 12, 13 (S.D.N.Y.1990)(holding "[t]he weight of authority in this Circuit indicates that courts will stay a civil proceeding when the criminal investigation has ripened into an indictment, . . . but will deny a stay of the civil proceeding where no indictment has issued"). The Sterling Court determined that this rule was based upon the specific danger and potential loss of liberty which arise only after the indictment by a grand jury. Sterling, supra, 175 F.Supp.2d at 577.

Here, Posner has been charged via felony complaint and an indictment has not been filed. A felony complaint is a charging instrument brought by the police or prosecutor as opposed to a grand jury. N.Y. Crim. Pro. Law sec. 1.20(8) (McKinney 2009). If such a criminal defendant intends to reach a plea agreement they have the option to respond to the felony complaint via an information subpoena and the need for a formal indictment by a grand jury is eliminated. Ibid. However, if a plea agreement is not reached the felony complaint will subsequently be replaced by an indictment following a grand jury investigation. Ibid. While Plaintiffs acknowledge that it remains unresolved whether a felony complaint has the same impact as a formal indictment by a grand jury, Plaintiffs submit that the reasoning set forth in the Sterling should be followed in this instance. See also Karimona Investments, LLC v. Weinreb, 2003 WL 941404, *3 (2003 S.D.N.Y)(motion to stay not granted on the basis that no indictment had been filed, where defendant changed guilty plea and was potentially the subject of grand jury investigation).

In this respect, the Fifth Amendment is clearly more pertinent to a criminal defendant who has been indicted by a grand jury, as opposed to one who has only been charged by felony complaint, because the existence of the indictment is a clear indication of the state's intention to proceed to trial. A criminal defendant who is charged via felony complaint and responds via

315107_1

-8-

information subpoena has less interest in the privilege against self-incrimination because there is no pending trial and the defendant intends to voluntarily incriminate themselves through the filing of the information subpoena and plea agreement.

Considering the totality of the circumstances, and the fact that the felony complaint was instituted as a result of Corcoran's statements, and not through an independent law enforcement or grand jury investigation, in this instance the issuance of the felony complaint should not be seen as analogous to a formal grand jury indictment. The supplied declaration of Posner's criminal attorney, which provides that the criminal proceeding is expected to be resolved by September of 2009, suggests that Posner is in the process of negotiating a plea agreement. (Warhit Dec. ¶ 3).

In the context of this factor, the stage of the civil proceeding should also be considered. Here, the Posner Defendants are seeking to stay the case prior to filing an Answer or providing any discovery. This is not a dispute over whether Posner's deposition may proceed. There is no legally sound basis for the contention that a defendant facing simultaneous civil and criminal charges can delay answering a civil complaint until the criminal matter is disposed of completely. See U.S. Commodity Futures Trading Com'n v. A.S. Templeton Group, Inc., 297 F.Supp.2d 531 (E.D.N.Y. 2003); Beth Israel Medical Center v. Smith, 576 F.Supp. 1061, 1072 (S.D.N.Y.1983) (holding that a dual defendant must file an answer to the civil complaint). Here, a review of the status of the civil and criminal proceedings suggest that the entry of a stay of all proceedings is presently unwarranted.

### C.   Parties' Interests

The third and fourth forth factors require the Court to review the "the private interests of the plaintiff in proceeding expeditiously weighed against the prejudice to the plaintiff caused by

315107_1

the delay; [and] the private interests of and burden on the defendants." Hicks, supra, 268 F.Supp.2d at 241. It is well established that the defendant seeking a stay must establish prejudice which "suggests that the dilemma they face is more pointed or difficult than in any other case of parallel proceedings, and it is universally agreed that the mere pendency of a criminal investigation standing alone does not require a stay." Sterling, supra, 175 F.Supp.2d at 578; see also Keating, supra, 45 F.3d at 324; Arden Way Assocs. v. Boesky, 660 F.Supp. 1494, 1497 (S.D.N.Y.1987). Furthermore, "forcing a [d]efendant to choose between waiving his Fifth Amendment privilege or suffering the adverse inference which results in the civil case from invoking his privilege does not violate due process." United States v. Kordel, 397 U.S. 1, 9-10, 90 S.Ct. 763, 25 L.Ed.2d 1 (1970).

Here, Defendants identify nothing unique with respect to their situation that would suggest the entry of a stay is appropriate at this juncture. Incredibly, Defendants argue that the fact that "nothing would prevent the plaintiffs from forwarding any evidence gathered in this action to the District Attorney's office" represents a potential prejudice or violation of their Fifth Amendment rights. Considering that Posner has not been indicted and may be in the process of negotiating a plea agreement with the District Attorney's office, this argument is particularly troublesome. Clearly, it is an improper purported application of the Fifth Amendment to attempt to stay the civil proceedings so that Posner can arrange a beneficial plea agreement with the government, while, by Defendants' own admission *there is a concern that existing evidence has not been turned over to the District Attorney.* Clearly, the Fifth Amendment cannot be used to conceal information during the negotiation of a plea agreement, and Defendants' argument to that effect confirms that, in the interest of justice, civil discovery should proceed.

Plaintiffs clearly have an interest in the expeditious resolution of this action and have

315107_1

-10-

legitimate fears that the case may be delayed indefinitely. Furthermore, Plaintiffs have legitimate concerns that further delay may prejudice their ability to recover from the Posner Defendants. Here, the Posner Defendants may be expending the funds owed to Plaintiffs in connection with the legal defense of the criminal charges. Further, it appears that the Posner Defendants are seeking to stay the civil proceeding to gain an unjustified tactical advantage moving forward. It is improper to further delay the civil proceeding so that Posner may reach a favorable plea agreement. In addition, if it is established in the criminal trial or plea agreement that Posner was acting with intent in connection with the underlying transaction it could impact Plaintiffs' ability to potentially recover the amounts owed from the Posner Defendants legal malpractice insurance policy, in the event that the Posner Defendants are unable to satisfy the full amount of Plaintiffs' claim.

Here, Defendants have not presented a compelling justification for the entry of a stay and Plaintiffs have the potential to be significantly harmed. As such the "extraordinary" relief of a stay of all proceedings is not justified at this time.

### D.  Public and Judicial Interests

The third and fourth forth factors require the Court to examine the applicable public interests and the interest of the judiciary in the efficient management of cases. Hicks, supra, 268 F.Supp.2d at 241. Here, the Court has a clear interest in managing its cases and efficiently and resolving litigation. Sterling, supra, 175 F.Supp.2d at 580; Citibank v. Hakim, 1993 WL 481335, at *2 (S.D.N.Y. 1993) (holding "[t]he convenience of the court weighs against a stay because it is unrealistic to postpone indefinitely the pending action until criminal charges are brought or the statute of limitations has run"). Although, Posner's criminal defense attorney has declared that he is "hopeful" that the criminal matter will be resolved by September of 2009, because there is

no pending indictment or trial date there is no certainly with respect to the timeline for resolution of the criminal matter. Further, if it is to be believed that the criminal matter will be resolved by September 2009, there is no reason why paper discovery could not be exchanged during the intervening months.

The public interests involved in this matter also suggest that the entry of a stay is not warranted. It has been determined that there is a significant public interest in "financial institutions promptly recovering misappropriated funds," which is not served by the entry of the stay. Sterling, supra, 175 F.Supp.2d at 580. Furthermore, there is also governmental interest in allowing private entities, such as Plaintiffs, to investigate and maintain such claims, so that the government can consume its finite resources on behalf of those less able to protect themselves. Sterling, supra, 175 F.Supp.2d at 580-81

## POINT II

## THE COURT SHOULD NOT STAY THE CIVIL ACTION AGAINST DEFENDANT POSNER, POSNER & ASSOCIATES, P.C.

Defendants contend that the civil action pending against the Posner Firm should also be stayed "in the interests of justice and judicial efficiency." Defendants also allege that the matter should be stayed because the professional corporation's other shareholder, Martin Posner, ("Martin") has no "personal" knowledge of the underlying events. As set forth in greater detail below, both of these arguments are misguided and there is no basis to stay the proceedings against the Posner Firm, which is organized as a professional corporation.

From the outset, it must be made clear that a corporation, even one controlled by a single individual, has no Fifth Amendment right against self incrimination. See Curcio v. United States, 354 U.S. 118, 122, 77 S.Ct. 1145, 1148, 1 L.Ed.2d 1225 (1957); In re Grand Jury Subpoenas Issued to Thirteen Corps., 775 F.2d 43, 46 (2d Cir.1985); United States v. Barth, 745 F.2d 184, 189 (2d Cir.1984). The Posner Defendants contend that granting a stay as to the Posner Firm is more efficient. Here, there is no basis to stay the matter with respect Posner, and there is likewise no basis to stay the matter with respect to the Posner Firm. Plaintiffs are certainly entitled to discovery from the corporation with respect to this transaction, and the prompt exchange of such information is certainly more in line of the concept of judicial efficiency, than a stay of all proceedings. If such paper discovery were supplied by the corporation, this matter would not be delayed even if a stay was entered with respect to Posner individually. This discovery would likely be identical to that which would be provided by Posner and this matter would be ready to proceed upon conclusion of the criminal matter, as opposed to beginning document discovery at that time. Even where a matter is stayed in the interests of convenience,

315107_1

-13-

against all parties, including corporations, document discovery is permitted to continue. State Farm Mut. Auto. Ins. Co. v. Grafman, 2007 WL 4285378 *3 (E.D.N.Y. 2007). Further, there is no basis to suggest that the corporation can avoid answering the Complaint on the basis of the Fifth Amendment, or in the interests of judicial efficiency.

Defendants have supplied the declaration of Posner's husband and law partner, Martin, who contends that he had no "personal" knowledge with respect to the subject transaction. Martin's declaration provides that he is the only other shareholder of the Posner Firm and that there are no further employees or officers of the corporation. In this respect, Martin is unquestionably required to provide document discovery on behalf of the corporation. See S.E.C. v. First Jersey Sec., Inc., 843 F.2d 74, 76 (2d Cir.1988). (noting the basic principle that where the individual corporate agent having control of corporate documents the corporation is ordered to produce has a claim of privilege from the act of producing those documents, the corporation must see to it that another individual, who would not similarly be incriminated by the act of production, produces the documents). Here, Martin would be required to produce all available information, including financial information, all relevant communications, documents and attorney trust records. The production of such information by Martin, on behalf of the corporation, does not remotely impact Posner's self incrimination rights. As such, the civil case should not be stayed with respect to the Posner Firm.

## POINT III

### A STAY OF ALL PROCEEDINGS IS NOT WARRANTED BECAUSE DEFENDANT POSNER'S POTENTIAL PRIVILEGE AGAINST SELF INCRIMINATION CAN BE PROTECTED IN NARROWER MANNER.

The Posner Defendants contend that a stay of the entire proceedings is necessary to protect Posner's Fifth Amendment privilege against self incrimination. At this juncture the entry of a stay of all proceedings would be vastly overbroad. To the extent that the Court believes it must exercise its discretion in order to protect Posner's right against self incrimination, Plaintiffs, in the alternative, submit that a less restrictive method should be selected.

"A stay is one of several procedures available to the district court to balance the interests of the other parties in moving forward with the litigation against the interests of a defendant asserting Fifth Amendment rights who faces the choice of being prejudiced in the civil litigation if those rights are asserted or prejudiced in the criminal litigation if those rights are waived." In re Worldcom, Inc. Securities Litigation, 2002 WL 31729501 *3 (S.D.N.Y. 2002). In reviewing such applications, Courts should endeavor "to further the goal of permitting as much testimony as possible to be presented in the civil litigation, despite the assertion of the privilege." U.S. v. Certain Real Property, 55 F.3d 78, 84 (Cir. 2nd 2002). "[A] stay may justifiably be denied in favor of more limited relief, such as, for example, a protective order postponing the indicted defendant's testimony, whether by deposition or interrogatory, even while permitting other discovery to proceed. Moreover, if the equities so suggest, the court may simply decline any limitation on discovery, leaving the defendant in question to the alternative remedy of invoking his Fifth Amendment privilege." Fendi Adele S.R.L. v. Ashley Reed Trading, Inc., 2006 WL 2585612 *2 (S.D.N.Y. 2006). In this instance, to the extent that any protection is

necessary, Plaintiffs submit that a "stay on all proceedings" is not the proper form of relief, and that a less restrictive method should be considered and selected.

## CONCLUSION

For the foregoing reasons, Plaintiffs, Corcoran Law Group and Hudson City Bancorp, Inc. submit that Defendants, Jane Y. Posner, Esq., and Posner, Posner, & Associates' Motion for a Stay must be denied in its entirety.

Dated: May 28, 2009
Roseland, New Jersey

                    Respectfully submitted,

                    LUM, DRASCO & POSITAN LLC
                    Attorneys for Plaintiffs, Corcoran Law
                    Group, P.C., and Hudson City Bancorp, Inc.,

                    By: __/s/ Dennis J. Drasco (DD 2022)__
                          DENNIS J. DRASCO

                    103 Eisenhower Pkwy
                    Roseland, NJ 07068
                    973-403-9000
                    -and-
                    325 Broadway
                    New York, NY 10007
                    212-775-90002
                    ddrasco@lumlaw.com